# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>    Plaintiff,<br><br> v.<br><br><br>BOZEMAN DAILY CHRONICLE<br>AND WENDY BERMES,<br><br>    Defendants. | No. CV-26-35-BU-JTJ<br><br><br><br>**AMENDED ORDER** |

Plaintiff Bobby Francis Lowry (Lowry), appearing pro se, has filed an action entitled "Complaint for Defamation (Liebel), False Light and Damages" (Doc. 2). against Defendants, Bozeman Daily Chronicle and Wendy Bermes (Defendants).  Lowry alleges that Defendants published and continues to republish "a false, misleading and defamatory news article, that materially misrepresents the nature of criminal allegations associated with him and attributes to him conduct that was never charged." (Id. at 2). Lowry seeks leave of the Court to proceed in forma pauperis. (Doc. 1).

## I.  Motion to Proceed in Forma Pauperis

Lowry has submitted a financial affidavit in support of his motion to proceed in forma pauperis. (Doc. 1-1).  Good cause exists to grant the motion. Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

1

## II.  Screening Analysis

When a litigant proceeds in forma pauperis, the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915(e)(2)(B).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

In substance, Lowry alleges a claim for defamation alleging Defendants published an article on July 14, 2017, that is readily available through internet searches, whose false and defamatory statements caused damage to his business reputation. (Doc. 2, pp. 2-4). Lowry asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a).  (Id., p. 2).

Liberally construing Lowery's Complaint, the Court cannot say at this state in the proceedings that it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune.

## III. SERVICE OF COMPLAINT
## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Lowry's Motion to Proceed In forma pauperis (Doc. 1) is **GRANTED**.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED."

3. On or before **May 11, 2025**, Lowry shall file a notice which provides the Court with appropriate addresses for service on Defendants. The United States Marshal

Service will serve the Complaint on Defendants by certified mail. A failure to provide this information will result in a recommendation that this matter be dismissed without prejudice for failure to serve.

4. At all times during the pendency of this action, Lowry must immediately advise the Court of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 15th day of June 2026.

John Johnston
United States Magistrate Judge

4